**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL STALLINGS,** | : | **Case  No.  5:05-CV-722** |
| | : | |
| **Petitioner,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **vs.** | : | |
| | : | |
| **MARGARET BAGLEY, Warden,** | : | <u>Order</u> |
| | : | |
| **Respondent.** | : | |

      Petitioner, Michael Stallings, currently has pending before the Court a motion to expand discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases, (Doc. No. 33).  He wishes to depose the mental retardation experts who testified in state court regarding information they previously did not consider to ascertain whether it would alter their opinion about the onset of mental retardation.  The Respondent opposed the motion, (Doc. No. 34), and Stallings filed a reply, (Doc. No. 36).  For the reasons stated below, the Court will deny the Motion.

### Introduction

      Stallings filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, (Doc. No. 1), after exhausting a claim pursuant to <u>Atkins v. Virginia</u>, 536 U.S. 304

(2002), in state court.[1]  Thereafter, Stallings and the Respondent each filed motions for discovery, (Doc. Nos. 24; 25).  On February 28, 2006, the Court issued a Memorandum Opinion and Order, granting the Respondent's discovery requests, (Doc. No. 31).  Therein, the Court held that Stallings was required to provide the Respondent with all materials he utilized in state court in support of his <u>Atkins</u> claim.  While complying with the Court's Order, habeas counsel realized that they inadvertently had failed to turn over several documents to the state prior to litigating the <u>Atkins</u> claim in state court.  Stallings now moves the Court to depose the mental health experts the parties' employed in state court so that he may question them regarding these documents.  Specifically, Stallings wishes to ascertain whether the experts would reach a different conclusion regarding his mental retardation after reviewing several school records, including an I.Q. test he took at age eleven.

**Applicable Law**

"A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . .  ."  R. Governing Section 2254 Cases 6(a).  The "good cause" standard set forth in Rule 6 restrains a habeas petitioner from unbridled entitlement to discovery.  "At the very least, it is clear that there was no intention to extend habeas corpus, as a matter of right, the broad discovery [afforded in] ordinary civil litigation."  <u>Harris v. Nelson</u>, 394 U.S. 286, 295 (1969)(citation omitted); <u>see</u> <u>also</u> <u>Lynott v. Story</u>, 929 F.2d 228 (6th Cir. 1991)(following <u>Harris</u>).  To demonstrate "good cause," a habeas petitioner must state a specific allegation that, if

---

[1]     Pursuant to the holding in <u>Atkins</u>, a state cannot execute a mentally retarded individual because it would violate the cruel and unusual punishment clause of the Eighth Amendment.  Thus, Stallings sought a state-court determination that he was mentally retarded and therefore ineligible to receive the death penalty.

fully developed, would entitle the petitioner to relief.  Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).  A district court uses its discretion to determine whether to permit a habeas petitioner discovery pursuant to Rule 6.  Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004).

## Legal Analysis

Pursuant to the standard as articulated above, the Court finds that Stallings has not set forth sufficient "good cause" to warrant expansion of discovery.   As the Court previously observed in its February 28, 2006, Opinion and Order:

> Under the AEDPA, this Court must determine whether the decision reached by the
>
> Ohio court was an unreasonable determination of the facts in light of the evidence
>
> presented in the state court proceeding.  28 U.S.C. § 2254(d)(2).  The United
>
> States Supreme Court determined in Holland v. Jackson, 542 U.S. 649, 652
>
> (2004), that whether a state court's decision was unreasonable must be assessed in
>
> light of the record the court had before it.

(Doc. No. 31, at 8).  Thus, whether the mental health experts retained in state court would now come to a different conclusion regarding the onset of mental retardation based on evidence they did not consider previously in state court is irrelevant to this Court's analysis of Stallings's Atkins claim.[2]

Furthermore, it appears that by fashioning his request as a discovery request pursuant to

---

[2]     Were the Court inclined to find sufficient good cause to permit a review of these documents, moreover, the Court would be hard pressed to comprehend how they would alter the experts' opinions.  The most noteworthy document habeas counsel failed to provide the experts is an I.Q. test in which Stallings obtained a full-scale score of 81, eleven points higher than the 70 full-scale score which would entitle him to a presumption of mental illness under State v. Lott, 779 N.E.2d 1011, 1014 (Ohio 2002).

Rule 6, rather than moving to expand the record to include the inadvertently overlooked documents pursuant to Rule 7, Stallings attempts an end run around the restrictions of Rule 7 as interpreted by Holland v. Jackson, 542 U.S. 649 (2004).  As the Holland Court held, prior to expanding the record to introduce new evidence, a petitioner must demonstrate that he or she was diligent in attempting to obtain and produce new evidence in state court.  The Court concluded that the limits placed on a habeas petitioner regarding the introduction of new evidence in an evidentiary hearing under 28 U.S.C. § 2254(e)(2), "apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing."  Id. at 653.  Thus, Rule 7 would preclude Stallings from introducing this new evidence unless he could demonstrate that he had been diligent in attempting to present these materials in state court.[3]  Stallings should not be permitted to introduce new evidence into this proceeding by asserting a discovery request in which experts would examine and opine about documents that he could not directly place before this Court.

## Conclusion

For the foregoing reasons, the Court finds that Stallings has failed to set forth sufficient "good cause" pursuant to Habeas Rule 6 to warrant an expansion of discovery.  Accordingly,

---

[3]     As the Supreme Court has held, counsel's failure to be diligent "triggers the opening clause of 2254(e)(2)."  See (Michael) Williams v. Taylor, 529 U.S. 420, 440 (2000)(holding that, petitioner barred from evidentiary hearing pursuant to diligence clause of § 2254(e)(2) after counsel who had notice of petitioner's psychiatric report, failed to obtain it).

Stallings's motion to expand discovery, (Doc. No. 33), is denied.

**IT IS SO ORDERED.**

s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE**

DATED:  February 6, 2007