UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STALLINGS, | : | Case No. 5:05-CV-722 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| vs. | : | |
| | : | |
| MARGARET BAGLEY, Warden, | : | <u>ORDER</u> |
| | : | |
| Respondent. | : | |

Petitioner, Michael Stallings, filed a motion for an evidentiary hearing. (Doc No. 48). He seeks to develop three issues of the ninth claim for relief raised in the Petition, in which Stallings alleges ineffective assistance of counsel during the mitigation phase of trial. The Respondent opposed the Motion. (Doc. No. 52). After requesting and receiving permission to extend the time in which to file a reply, Stallings filed a Reply on May 7, 2007. (Doc. No. 54). For the following reasons, the Court will grant the Motion but limits the presentation of witnesses to no more than three (3) hours and limits each party to one (1) hour to present oral argument.

### I. Introduction

After filing a Petition for a Writ of Habeas Corpus on March 11, 2005, (Doc. No. 1), the parties filed a Proposed Joint Entry for Agreed Discovery. (Doc. No. 23). In that document, which the Court adopted, the parties agreed to Stallings's deposition of direct appeal counsel and to obtaining their files. Thereafter, the parties filed cross-motions to conduct discovery. (Doc. Nos. 24, 25). The Court granted in part and denied in part Stallings's Motion, permitting him to

depose trial counsel regarding their failure to object to jury instructions, their failure to object to prosecutorial misconduct, and their mitigation preparation and presentation. The Court granted the Respondent's Motion, requiring Stallings to provide the Respondent with all materials in his possession in connection with Stallings's mental status. After discovery was completed, Stallings filed the instant Motion.

Therein, Stallings asserts that an evidentiary hearing is necessary to develop three sub-claims of his ninth claim for relief. He contends that counsel were deficient in presenting testimony regarding Stallings's neurological defects. He also asserts that counsel failed to present testimony about the gang culture which Stallings claims was a catalyst to the robbery/murder. Finally, he argues that counsel presented insufficient testimony regarding his family background and social history. He now wishes to present testimony regarding these three sub-claims and to present witnesses who would support his assertion that he was prejudiced by counsel's unreasonable actions pursuant to the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Stallings indicated in the Motion that he does not intend to call defense counsel to testify during the hearing because, he maintains, the depositions of trial counsel "suffice to establish that their performance in the penalty phase was deficient." (Doc. No. 54, at 6).

## II. Applicable Law

To secure an evidentiary hearing, a habeas petitioner first must demonstrate that 28 U.S.C. § 2254(e)(2) does not bar it. That statute states:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court **shall not** hold a hearing on the claim unless the applicant shows that–

>> (A) the claim relies on–
>> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(emphasis supplied).

In (Michael)Williams v. Taylor, 529 U.S. 420, 432 (2000), the United States Supreme Court defined the "failed to develop" language of § 2254(e)(2), holding that a habeas petitioner has not "failed to develop" his or her claims in state court "unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Thus, as the Sixth Circuit has emphasized, "Section 2254(e)(2) bars evidentiary hearings only if it was the *petitioner's* fault that the factual record was not developed in state court." James v. Brigano, 470 F.3d 636, 642 (6th Cir. 2006)(*citing* McAdoo v. Elo, 365 F.3d 487, 500 (6th Cir. 2004))(emphasis in original).

### III. Analysis

Subjecting Stallings's claim to the above standard of review, the Court finds that it does not appear that § 2254(e)(2) bars an evidentiary hearing. The Respondent asserts in her Opposition to the Motion that Stallings intends to call seven of the twelve witnesses who supplied affidavits to the post-conviction court. That court found that the affidavits were "merely redundant" of the trial testimony. State v. Stallings, No. 19620, 2000 WL 422423, at *2 (Ohio Ct. App. Apr. 19, 2000). That finding, however, is distinct from the analysis the Court must

undertake to determine whether § 2254(e)(2) bars Stallings from a hearing. Thus, while this Court ultimately may find that the state courts' adjudication on the merits of this claim precludes federal habeas relief because of the deferential standard of review the Court must utilize, it holds at this juncture that Stallings did not "fail to develop" his claims in state court. Stallings requested, but was denied, a hearing on these issues in his state post-conviction proceedings. (Doc. No. 16, Vol. 3, at 114). Accordingly, any failure to develop these claims in state court cannot be attributed to him.[1]

Although the Respondent's assertion regarding the redundancy of Stallings's proposed witness testimony does not bar Stallings from obtaining an evidentiary hearing, the Court finds that this assertion squarely addresses the need for an evidentiary hearing when the purported witness testimony presumably is already contained in the habeas record. The Court will therefore limit Stallings's witness testimony to no more than three (3) hours. Each party will also be limited to one (1) hour for oral argument. The Court finds that, by permitting Stallings to develop the facts surroundings this claim yet limiting the quantum of testimony, it can strike a balance between ensuring the full development of the federal habeas record and belaboring issues already contained therein.

---

[1] Moreover, this Court as well as other District Courts have utilized an evidentiary hearing for purposes of determining whether the merits of a claim may be heard. See D'Ambrosio v. Mitchell, No. 00CV2521, Doc. No. 158 (N.D. Ohio Mar. 4, 2004)(holding hearing on both procedural default and underlying merits of Brady and actual innocence claims); accord Decker v. Cockrell, No. 7:98-CV-085R, 2002 WL 180888, at *5n.6 (N.D. Tex. Feb. 1, 2002)(ordering evidentiary hearing on petitioner's failure to develop facts of ineffective assistance of counsel claim as well as on substantive claim). The Court notes that, in the event it finds after hearing any arguments from the Respondent that Stallings has failed to meet the standard set forth in § 2254(e)(2), this Court reserves the right to disregard all evidence presented during the hearing on the merits of the claim.

Finally, the Respondent asserts in her Opposition that if the Court grants Stallings's Motion, then defense counsel should be given the opportunity to explain personally their mitigation preparation and strategy. In his Reply, Stallings correctly observes that if the Respondent wishes to call trial counsel, it is incumbent upon her to make this request. The Court will entertain this request but requires the Respondent to make it no later than sixty (60) days prior to the evidentiary hearing. In the event that the Court grants such a request, the Court will set forth an appropriate time limit for this hearing testimony.

### IV. Conclusion

For the foregoing reasons, the Court grants the Motion for an Evidentiary Hearing. (Doc. No. 48). The hearing shall be held on August 29, 2007, at 9:30 a.m., in Chambers 16A, 801 West Superior Avenue, U.S. Courthouse, Cleveland, Ohio. The Court will hear testimony regarding the sub-claims raised in the ninth claim for relief and will also hear any evidence from the Respondent regarding Stallings's failure to develop these issues in state court. Stallings's counsel shall be limited to no more than three (3) hours of witness testimony (not counting time for cross-examination). Each party shall have one (1) hour for oral argument. If the Respondent wishes to request permission to call trial counsel to testify during the hearing, she shall do so no later than sixty (60) days prior to hearing date.

**IT IS SO ORDERED.**

                                                           s/ Kathleen M. O'Malley
                                                         KATHLEEN McDONALD O'MALLEY
                                                         UNITED STATES DISTRICT JUDGE

DATED: June 8, 2007