UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STALLINGS, | : | Case No. 5:05-CV-722 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| vs. | : | |
| | : | |
| MARGARET BAGLEY, Warden, | : | <u>ORDER</u> |
| | : | |
| Respondent. | : | |

On June 8, 2007, the Court granted the Petitioner, Michael Stallings's motion for an evidentiary hearing. (Doc. No. 55). Stallings now has filed several motions pertaining the hearing. (Doc. Nos. 60, 61, 62, 64). Additionally, the parties have filed a joint motion for discovery. (Doc. No. 63). For the following reasons, the motions will be granted in part and denied in part.

**I. Motion In Limine**

Stallings moves the Court in limine to prohibit the Respondent from developing evidence pertaining to Stallings's tenth ground for relief, in which he asserts a mental retardation claim pursuant to <u>Atkins v. Virginia</u>, 536 U.S. 304 (2002). He suspects that, because the Respondent

has notified the Court that she will call Dr. Joseph Bendo, Stallings's mitigation psychologist, to testify during the evidentiary hearing, some of the content of that testimony may relate to Stallings's mental retardation claim. He observes that, in its Order granting his request for an evidentiary hearing, the Court limited the testimony to Stallings's ninth ground for relief, in which he raises ineffective assistance of counsel during the mitigation phase of trial. (Doc. No. 55, at 5). While the Court sees no reason to retreat from the limitations set forth in its Order granting an evidentiary hearing, it does note that some evidence that the Respondent adduces in support of her defense of the ninth ground for relief may overlap with evidence that could pertain to the tenth ground. Thus, while the Court generally will limit the hearing testimony to that pertaining to Stallings's ninth ground for relief, it reserves the right to hear testimony from Dr. Bendo regarding his evaluations and conclusions of Stallings's mental status at the time he examined him even if it inadvertently may relate to the tenth ground. The Court will entertain any specific objections from habeas counsel regarding Dr. Bendo's testimony as they arise during the hearing.

## II. Motions for Discovery

Also pending before the Court are Stallings's motion for leave to depose Dr. Bendo, (Doc. No. 61), and a joint motion to depose Dr. Bendo and Stallings's witness, Dr. Kathleen Burch, (Doc. No. 63). In the joint motion, the parties assure the Court that, "whether or not these depositions are conducted or completed will not constitute valid grounds to request a continuance [of] the evidentiary hearing set for August 29, 2007." Id. at 1.

The Court grants the joint motion but stresses that there will be no continuance of the evidentiary hearing based on either parties' inability to obtain a deposition of either witness. The

Court denies Stallings's motion for leave to depose Dr. Bendo as it is duplicative of the joint motion and therefore moot.

### III. Motion for Status Conference/Sur-Rebuttal Witness

Finally, Stallings has moved the Court for a status conference to ascertain the time limitations for the evidentiary hearing. Additionally, he requests that he be permitted to call George Hoffman, a guidance counselor from Stallings's school, to rebut Dr. Bendo's testimony regarding the records he reviewed in preparing his evaluation of Stallings. In its Order granting the hearing, the Court limited Stallings's time to present testimony to no more than three hours, excluding cross-examination, and one hour for each party to present oral argument. (Doc. No. 55, at 5). Stallings now queries whether the Court will allow him additional time for any re-direct examination or for calling Hoffman to testify.

The Court sees no need to hold a status conference to respond to Stallings's questions. Instead, the Court sets forth the evidentiary hearing proceeding as follows: Because the Court previously did not set forth a specific time limit for the Respondent's witness, it now limits the direct examination testimony of Dr. Bendo to no more than one half hour. While the Court grants Stallings's motion to call Hoffman as a sur-rebuttal witness, it likewise limits his direct examination testimony to no more than one half hour.

When granting Stallings's motion for an evidentiary hearing, the Court set forth time limitations on the hearing testimony because much of the testimony Stallings proposed to elicit during the hearing already was contained in the habeas record. Thus, the Court concluded that a hearing in which the parties were subject to time limitations would "strike a balance between ensuring the full development of the federal habeas record and belaboring issues already

3

contained therein." (Doc. No. 55, at 4). This logic prevails despite the additional witnesses both parties wish to call. Accordingly, the Court assumes that any time needed for re-direct testimony and Hoffman's testimony will be included in the initial three (3) hours it provided Stallings when granting his evidentiary hearing motion.

## IV. Conclusion

For the foregoing reasons, the Court grants Stallings's Motion in Limine (Doc. No. 60), but reserves the right for the Respondent to question Dr. Bendo at the evidentiary hearing regarding his impressions of Stallings's mental status at the time of his trial as it is relevant to the factual development of the ninth ground for relief. The Court grants the joint motion for discovery, (Doc. No. 63), and therefore denies Stallings's motion for discovery (Doc. No. 61), as moot. The Court grants Stallings's motion for sur-rebuttal witness (Doc. No. 64). Finally, the Court denies Stallings's motion for a status conference, (Doc. No. 62), as the time limitations for the evidentiary hearing are set forth above.

**IT IS SO ORDERED.**

                                                   <u>s/ Kathleen M. O'Malley</u>
                                                   **KATHLEEN McDONALD O'MALLEY**
                                                   **UNITED STATES DISTRICT JUDGE**

DATED: August 13, 2007